IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:11-CV-00122-BO

| | |
|---|---|
| JENNIFER SARAH YAGODA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND** |
| ) | **MEMORANDUM AND** |
| NEW HANOVER CHILD PROTECTIVE ) | **RECOMMENDATION** |
| SERVICES, JOHN DAVIS, KARI SANDERS, ) | |
| RENEE HALL, and GEORGIA MORRIS, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on *pro se* Plaintiff's application to proceed *in forma pauperis* under 28 U.S.C. § 1915 [DE-1]. Plaintiff has demonstrated appropriate evidence of inability to pay the required court costs, and her application is allowed.[1]

Notwithstanding the determination that a plaintiff is entitled to *in forma pauperis* status, a court is required to dismiss all or part of an action found to be frivolous or malicious, which fails to state a claim upon which relief can be granted, or which seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2); *Michau v. Charleston County, S.C.*, 434 F.3d 725, 728 (4th Cir. 2006). A case is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). *Pro se* complaints are entitled to more liberal treatment than pleadings drafted by attorneys. *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989).

---

[1] Plaintiff's minor child is identified by name in the *in forma pauperis* application. In order to protect a minor's privacy, Rule 5.2(3) of the Federal Rules of Civil Procedure provides that only the minor's initials should be included in filings with the court. Therefore, the Clerk is **DIRECTED** to seal Plaintiff's application so that it shall be accessible only to court users and case participants. Plaintiff shall identify her minor child using only the minor's initials ("A.Y.") in all further court filings.

After careful review of Plaintiff's complaint, and giving due consideration to her *pro se* status, it is **RECOMMENDED** that the complaint be dismissed in part and allowed to proceed in part.

## STATEMENT OF THE FACTS

Plaintiff alleges in her complaint that on May 7, 2010, John Davis, at the direction of his employer New Hanover County Child Protective Services, entered her home along with two police officers and removed her five year old daughter without her permission and without any "paperwork." Pl.'s Compl. at 2-4 [DE-1]. She also alleges, generally, that "workers" falsified documents and failed to follow through with plans and agreements. *Id.* at 4. Although Davis is the only Defendant that Plaintiff names in her factual allegations, taking a liberal view of the *pro se* Plaintiff's complaint, the Court will assume that Defendants Kari Sanders, Renee Hall and Georgia Morris are included in the "workers" to whom Plaintiff refers. Plaintiff contends that her constitutional rights were violated, specifically that she was denied due process, that her home was entered unlawfully, and that her parental rights were violated. She also alleges that Defendants' conduct violated 18 U.S.C. §§ 241 & 242 and 42 U.S.C. § 14141. Plaintiff has requested that her daughter be returned to her custody, that New Hanover County Child Protective Services be investigated for negligence and conspiracy, and that her family be compensated in the amount of $5,000,000 for emotional distress.

## DISCUSSION

As an initial matter, Plaintiff's statutory claims, pursuant to 18 U.S.C. §§ 241 & 242 and 42 U.S.C. § 14141, fail to state a claim upon which relief can be granted. Sections 241 and 242 are criminal statutes and do not provide a civil remedy. *Williams v. Michigan*, No. 06-CV-14343, 2006 WL 3759974, at *4 (E.D. Mich. Dec. 19, 2006). Likewise, section 14141 provides
2

Case 7:11-cv-00122-BO   Document 3   Filed 06/30/11   Page 2 of 5

a cause of action to the Attorney General, but does not provide a private right of action. *Mahan v. Huber*, No. 09-CV-98-PAB, 2010 WL 749815, at *6 (D. Colo. Mar. 2, 2010). Therefore, Plaintiff has failed to state a claim upon which relief can be granted under 18 U.S.C. §§ 241 & 242 and 42 U.S.C. § 14141.

Next, Plaintiff seeks to have her daughter returned to her custody. It is unclear whether there is currently a case proceeding in state court regarding the custody of Plaintiff's daughter. However, there is a "long established precedent that federal courts are courts of limited jurisdiction and generally abstain from hearing child custody matters." *Cantor v. Cohen*, 442 F.3d 196, 202 (4th Cir. 2006); *Manning v. Cnty. of Columbus Dep't of Children & Family Servs.*, No. 7:10-CV-100-FL, 2010 WL 3075561, at *1 (E.D.N.C. June 17, 2010) (dismissing complaint on frivolity review where plaintiff sought return of her child previously removed by the state). Therefore, the Court lacks jurisdiction over Plaintiff's custody dispute.

Finally, Plaintiff appears to be asserting a claim for damages under 42 U.S.C. § 1983 for violation of her constitutional rights in connection with the removal of her daughter from her home. *See* 42 U.S.C. § 1983 ("Every person, who under color of any statute . . . of any State . . . subjects, or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . ."). Specifically Plaintiff alleged that she was denied due process, that her home was entered unlawfully, and that her parental rights were violated by New Hanover County Child Protective Services and its case workers and their supervisors. These allegations are sufficient to state a claim under 42 U.S.C. § 1983.

The Court notes that while it finds that Plaintiff's § 1983 claims are stated sufficiently to survive frivolity review, Defendants may ultimately prove to be immune from suit. *See Martin v. Saint Mary's Dep't Soc. Servs.*, 346 F.3d 502, 505-06 (4th Cir. 2003) ("We have held that social workers may assert qualified immunity in appropriate circumstances."); *Shell v. Wall*, 808 F. Supp. 481, 482 (W.D.N.C. 1992) (recognizing that a county department of social services may or may not be entitled to sovereign immunity depending on whether it is considered an arm of the state or an arm of a political subdivision e.g., a county or municipality.) Additionally, if in fact a state child custody proceeding is ongoing, *Younger* abstention may be appropriate. *See C.C.S. v. Child Protective Servs. of Orange Cnty.*, No. 1:11-CV-81, 2011 WL 1325125, at *1-2 (M.D.N.C. Apr. 7, 2011) (concluding *Younger* abstention appropriate in § 1983 action where claims concerned ongoing child custody matters and plaintiffs had "adequate state forum in which to pursue their federal constitutional claims"). However, at this early stage in the proceeding, there is insufficient evidence in the record to determine whether these doctrines are applicable.

## CONCLUSION

Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**, and Plaintiff's complaint survives frivolity review on the § 1983 claims. However, it is **RECOMMENDED** that Plaintiffs claims pursuant to 18 U.S.C. §§ 241 & 242 and 42 U.S.C. § 14141 be **DISMISSED** for failure to state a claim on which relief can be granted and that her request for physical custody of her daughter be **DISMISSED** for lack of jurisdiction.

The Clerk shall send a copy of this Order and Memorandum and Recommendation to the *pro se* Plaintiff, who shall have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a

de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This the 28th day of June, 2011.

DAVID W. DANIEL
United States Magistrate Judge