IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:11-CV-122-BO

| | | |
|---|---|---|
| JENNIFER SARAH YAGODA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| JOHN DAVIS, KARI SANDERS, | ) | |
| RENEE HALL, GEORGIA MORRIS, | ) | |
| NEW HANOVER CHILD | ) | |
| PROTECTIVE SERVICES, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Memorandum and Recommendation ("M & R") of United States Magistrate Judge David W. Daniel [DE 3] regarding Plaintiff's motion to proceed *in forma pauperis* [DE 1] and for frivolity review pursuant to 28 U.S.C. § 1915 (e)(2)(B). The Court ADOPTS the M & R. Therefore, the Court ALLOWS Plaintiff to proceed *in forma pauperis* and Plaintiff's claim survives frivolity review on the § 1983 claims. However, Plaintiff's claims under 18 U.S.C. §§ 241 and 242 and 42 U.S.C. § 14141 are DISMISSED for failure to state a claim upon which relief can be granted. Her request for physical custody of her daughter is DISMISSED for lack of jurisdiction.

BACKGROUND

Ms .Yagoda alleges in her Complaint that on May 7, 2010, John Davis, at the direction of his employer, New Hanover County Child Protective Services, entered her home along with two police officers and removed her five year old daughter without her permission and without any "paperwork" [DE 1 at 3]. She also alleges, generally, that "workers" have "falsified documents"

and "failed to follow through with plans and agreements" [DE 1 at 4]. Although Davis is the only defendant that Ms. Yagoda names in her factual allegations, construing her *pro se* complaint liberally, the Court will assume that Defendants Kari Sanders, Renee Hall, and Georgia Morris are included among the "workers" to whom Ms. Yagoda refers. Ms. Yagoda asserts that her constitutional rights have been violated, namely that she was denied due process, that her home was entered unlawfully, and that her parental rights were violated. She also alleges that Defendants' conduct violated 18 U.S.C. §§ 241 and 242 and 42 U.S.C. § 14141. Ms. Yagoda seeks custody of her child, investigation of New Hanover County Child Protective Services for negligence and conspiracy, and compensation to her family for emotional distress in the amount of $5,000,000 [DE 1-3].

## DISCUSSION

The Court adopts the M & R because Ms. Yagoda has not made any objection to it and because the M & R is not clearly erroneous or contrary to law. 28 U.S.C. § 636 (b)(1)(B). A district court is only required to review an M & R *de novo* if the plaintiff specifically objects to it or in cases of plain error. *Id.*; *Thomas v. Arn* 474 U.S. 140, 149-50 (1985).

In making a frivolity determination, a court may designate a magistrate judge to submit proposed findings of fact and recommendations. 28 U.S.C. § 636 (b)(1)(B). A complaint is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). *Pro se* complaints are entitled to more liberal treatment than pleadings drafted by attorneys. *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989).

Here, the Magistrate Judge properly found that Ms. Yagoda's claims pursuant to 18 U.S.C. §§ 241 and 242 and 42 U.S.C. § 14141 fail to state a claim upon which relief may be granted. Sections 241 and 242 are criminal statutes and do not provide a civil remedy. *Williams*

*v. Michigan*, No. 06-CV-14343, 2006 WL 3759974, at *4 (E.D. Mich. Dec. 19, 2006). Section 14141 provides no private right of action and suits pursuant to this section can only be brought by the Attorney General. *Mahan v. Huber*, No. 09-CV-98-PAB, 2010 WL 749815, at *6 (D. Colo. Mar. 2, 2010). Because no private, civil remedy is available under these three code sections, Ms. Yagoda has failed to state a claim upon which relief can be granted under 18 U.S.C. §§ 241 and 242 and 42 U.S.C. § 14141.

Ms. Yagoda also seeks to have her daughter returned to her custody. This Court lacks jurisdiction over this custody dispute because "federal courts are courts of limited jurisdiction and generally abstain from hearing child custody matters." *Cantor v. Cohen*, 442 F.3d 196, 202 (4th Cir. 2006).

Ms. Yagoda's claims for damages under 42 U.S.C. § 1983 survive frivolity review because she has alleged that she was denied due process, that her home was entered unlawfully, and that her parental rights were violated by New Hanover County Child Protective Services.

At this time, due to the limited record, the Court does not determine whether Defendants would be entitled to any form of immunity or whether *Younger* abstention would be appropriate.

Ms. Yagoda has demonstrated sufficient evidence of her inability to pay the required court costs, and is therefore permitted to proceed *in forma pauperis.*

## CONCLUSION

The Court ADOPTS the Magistrate Judge's recommendations [DE 3]. Plaintiff's motion to proceed *in forma pauperis* is ALLOWED, but Plaintiff's claims under 18 U.S.C. §§ 241 and 242 and 42 U.S.C. § 14141 are DISMISSED.

SO ORDERED.
This ⸺ day of September, 2011.

*[signature]*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE