IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:11-CV-122-BO

| | |
|---|---|
| JENNIFER SARAH YAGODA, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> JOHN DAVIS, KARI SANDERS, RENEE ) <br> HALL, GEORGIA MORRIS, and NEW ) <br> HANOVER COUNTY CHILD ) <br> PROTECTIVE SERVICES, ) <br> Defendants. ) <br> _____) | O R D E R |

This matter is before the Court on Defendants' Motion to Stay or Dismiss [DE 17]. Plaintiff has responded [DE 26], and the matter is ripe for ruling. For the reasons discussed below, Defendants' Motion to Stay is granted.

## BACKGROUND

Plaintiff filed this action on June 15, 2011, alleging that Defendant Davis, at the direction of his employer New Hanover County Child Protective Services (NHCCPS) entered her home along with two police officers and removed her five year old daughter (A.Y.) without her permission and without any "paperwork." She further alleges that "workers" have "falsified documents" and "failed to follow through with plans and agreements." Plaintiff also alleges that her constitutional rights have been violated, namely, that she was denied due process of law, that her home was entered unlawfully, and that her parental rights were violated. This Court dismissed Plaintiff's claims under 18 U.S.C. §§ 241 and 242 and 42 U.S.C. § 14141 by order entered September 5, 2011 [DE 7]. On October 13, 2011, the state court entered an order

granting guardianship of A.Y. to her grandparents. Plaintiff has appealed the state court's order.

## DISCUSSION

Defendants ask that this Court either abstain from hearing Plaintiff's claims pending the outcome of the state proceedings or that it dismiss Plaintiff's claims with prejudice.

The *Younger* doctrine counsels federal court abstention when there is a pending state proceeding and "reflects a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff." *Moore v. Sims*, 442 U.S. 415, 423 (1979). The Fourth Circuit applies the following test to determine whether *Younger* abstention is appropriate: (1) whether there is an ongoing state judicial proceeding; (2) whether the proceedings implicate important state interests; and (3) whether there is an adequate opportunity in the state proceedings to raise federal claims. *Richmond Rail Co. v. Forst*, 4 F.3d 244, 251 (4th Cir. 1993).

Here, there is an ongoing state judicial proceeding. Plaintiff filed this action after entry of an order in New Hanover County granting legal custody and placement of A.Y. with NCHHPS. Plaintiff has appealed the state court's order granting guardianship to A.Y.'s grandparents, and this Court has no notice that such appeal has been resolved. As to the second requirement, child custody and welfare are traditionally "proceedings in which important state interests are involved." *Moore*, 442 U.S. at 423. As to the third requirement, Plaintiff's only remaining claim before this Court is for money damages under 42 U.S.C. § 1983. Though the Supreme Court has not explicitly determined that § 1983 actions for damages are reached by the principles of *Younger*, the Fourth Circuit has found that a stay rather than dismissal is the appropriate action under such circumstances. *Suggs v. Brannon*, 804 F.2d 274, 279 (4th Cir. 1986). Nothing

2

indicates to this Court that Plaintiff will have an opportunity to litigate her § 1983 damages claim in state court, and a stay of such claim is therefore appropriate.

Plaintiff's claim in this action is inextricably intertwined with the pending state custody litigation. This Court must determine whether NHCCPS lawfully removed Plaintiff's daughter from Plaintiff's physical and legal custody. Defendant concedes that its defenses to the instant action will rely on the underlying custody proceedings and the state court's findings of fact and conclusions of law. Accordingly, the Court finds that it would be more appropriate to abstain and allow the state court proceedings reach a conclusion. At such time, the Court will be in a better position to consider Plaintiff's § 1983 claim. As previously noted in this case, this Court is without jurisdiction to return Plaintiff's daughter to Plaintiff. *See Cantor v. Cohen*, 442 F.3d 196, 202 (4th Cir. 2006). However, the Court may retain jurisdiction over Plaintiff's money damages claim for alleged civil rights violations although abstaining under *Younger*.

Further, the Court finds no basis to apply any of the recognized exceptions to the *Younger* doctrine. A court may decline to abstain under *Younger* if it finds bad faith, harassment, or exceptional circumstances that might constitute great, immediate, and irreparable harm. *See Nivens v. Gilchrist*, 444 F.3d 237, 241 (4th Cir. 2006); *Moore*, 442 U.S. at 433. "These exceptions to *Younger* have been narrowly construed." *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986).

"Bad faith in this context 'generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction." *Suggs*, 804 F.2d at 278. The Court does not comment on the validity of NHCCPS's actions, but it finds no evidence that would require the application of the bad faith exception. "'Harassment' means much the same, although it

3

connotes a legal exercise of authority in such a manner as to be unnecessarily oppressive." *Timmerman v. Brown*, 528 F.2d 811, 815 (4th Cir. 1975). Again, though Plaintiff is clearly dissatisfied with the actions of NHCCPS, she has not shown that Defendants' actions rise to the level of oppressive exercise of authority required to meet the exception. *See e.g. Dombrowski v. Pfister*, 380 U.S. 479, 487-89 (1965) (exception to *Younger* doctrine applied where prosecutors' repeated arrests and threats of prosecution were shown to have been made only to chill speech, not to actually secure convictions against defendants).

Nor does the Court find present extraordinary circumstances to justify an exception to the *Younger* doctrine.

> The very nature of 'extraordinary circumstances,' of course, makes it impossible to anticipate and define every situation that might create a sufficient threat of such great, immediate, and irreparable injury as to warrant intervention in state criminal proceedings. But whatever else is required, such circumstances must be 'extraordinary' in the sense of creating an extraordinarily pressing need for immediate federal equitable relief, not merely in the sense of presenting a highly unusual factual situation.

*Kugler v. Helfant*, 421 U.S. 117, 124-25 (1975). Plaintiff raises troubling concerns in her response to the instant motion, including allegations regarding her daughter's health and welfare in the custody of her grandparents. Without more than Plaintiff's unsubstantiated allegations, however, the Court finds that Plaintiff's case does not fall under one of the recognized extraordinary circumstances that warrant an exception to the *Younger* doctrine. *See, e.g. Gilliam v. Foster*, 75 F.3d 881, 904 (4th Cir. 1996) (violation of double jeopardy clause is an extraordinary circumstance justifying federal court intervention). Further, Plaintiff's concerns regarding her daughter's welfare may be adequately addressed in the state courts, where such actions traditionally lie. *See Cantor*, 442 F.3d at 202 (with few exceptions, child custody matters

4

are "better handled by the state courts which have the experience to deal with this specific area of law.").

## CONCLUSION

Accordingly, for the reasons discussed above, the Court finds that abstention in this matter under the *Younger* doctrine is appropriate. Defendants' Motion to Stay or Dismiss is therefore GRANTED IN PART AND DENIED IN PART. Plaintiff's claim for money damages under 42 U.S.C. § 1983 is hereby STAYED pending disposition of Plaintiff's appeal of the state court's award of custody to A.Y.'s grandparents. The parties are DIRECTED to notify this Court upon the resolution of such matter.

SO ORDERED, this __16__ day of April, 2012.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE