IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:11-CV-122-BO

| | | |
|---|---|---|
| JENNIFER SARAH YAGODA, <br> Plaintiff, | ) <br> ) <br> ) <br> ) | |
| v. | ) <br> ) | O R D E R |
| JOHN DAVIS, KARI SANDERS, RENEE HALL, <br> GEORGIA MORRIS, NEW HANOVER <br> COUNTY CHILD PROTECTIVE SERVICES, <br> Defendants. | ) <br> ) <br> ) <br> ) | |

This matter comes before the Court on defendants' motions to dismiss and for summary judgment. [DE 59, DE 62]. Plaintiff has responded, defendants have replied, and the matter is ripe for ruling. For the reasons below, the Court hereby DENIES defendants' motion to dismiss [DE 59] and GRANTS defendants' motion for summary judgment. [DE 62].

## BACKGROUND

Plaintiff's complaint, filed *pro se*, alleges violations of her rights under the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States. [DE 4]. Plaintiff's claims arise out of the removal of her daughter from her custody on May 7, 2010, by workers from New Hanover County Child Protective Services (CPS). [DE 60]. The removal followed a petition filed by CPS employee John Davis on May 7, 2010, alleging that plaintiff's child was neglected. [DE 63-2]. The petition followed ongoing reports of domestic violence in the home between plaintiff and the child's father. [DE 63-2]. On May 7, 2010, both the child's parents appeared at a hearing at which plaintiff attempted to obtain a protective order against the father. [DE 62-4]. At the hearing, both parents admitted to verbal and physical altercations in the child's

presence. [DE 63-2]. An order for nonsecure custody, giving CPS temporary custody of plaintiff's child, was signed by a judge the same day. [DE 63-3].

Plaintiff recalls seeing CPS employee John Davis at the hearing and believes he called her while she was out after the hearing. [DE 62-4]. On the call, plaintiff informed Mr. Davis she was on her way home. *Id.* When plaintiff arrived at her apartment complex, Mr. Davis was waiting in the parking lot with two police officers. *Id.* Pursuant to the order for nonsecure custody, Mr. Davis took custody of plaintiff's child. Eventually the child began residing with her paternal grandparents and, as of the defendants' most recent status report, the state court found that it was in the best interests of child to continue this arrangement. [DE 39].

In her complaint, plaintiff alleged "unlawful entry to [her] house" and that a CPS worker "took and kidnapped [her] daughter" without allowing her to see the petition. [DE 4]. Plaintiff complained that her child had not been returned at the time of filing her complaint almost a year later and that CPS workers had falsified documents and "have not followed through with plans & agreements." *Id.* Plaintiff's relief sought included that her daughter be returned to her and to "feel safe and happy again," that CPS be investigated for negligence and conspiracy, and compensation. [DE 4].

Plaintiff admits she has never met or talked to Georgia Morris outside her role as a social worker. [DE 62-5]. Plaintiff has stated she included Renee Hall as a defendant because "[s]he was the supervisor"; plaintiff does not know which CPS employees Ms. Hall allegedly supervised. *Id.* Finally, plaintiff has stated she included Kari Sanders as a defendant because "she was the super supervisor"; plaintiff does not know which CPS employees Ms. Sanders allegedly supervised. *Id.*

2

## DISCUSSION

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a matter if it fails "to state a claim upon which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion to dismiss challenges the legal sufficiency of a plaintiff's complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). When acting on the motion, the Court is to "view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). The court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). However, the court need not accept a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir.2009). Although complete and detailed factual allegations are not required, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

Plaintiff appears to be asserting a claim for damages under 42 U.S.C. § 1983 for violation of her constitutional rights in connection with the removal of her daughter from her home. [DE 3, 7]. Plaintiff's complaint meets the relatively low bar of stating a claim upon which relief can be granted, so defendant's motion to dismiss is denied. [DE 59].

Defendants' motion for summary judgment, however, succeeds. Summary judgment is proper only when, viewing the facts in the light most favorable to the non-moving party, there is no genuine issue of material fact, and the movant is entitled to judgment as a matter of law. Fed.

3

R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Cox v. Cnty. of Prince William*, 249 F.3d 295, 299 (4th Cir. 2001). An issue is "genuine" if a reasonable jury, based on the evidence, could find in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Cox*, 249 F.3d at 299.

In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*. 477 U.S. at 323. Once the moving party has met its burden, the non-moving party must then "set forth specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

Here, summary judgment is appropriate. First, none of plaintiff's constitutional claims create a genuine issue of material fact. Second, even if they did, plaintiff has named improper defendants and the named defendants cannot be sued.

### i. Fourth Amendment Claim

Plaintiff claims defendants violated her Fourth Amendment rights. [DE 4]. The Fourth Amendment guarantees, in relevant part, "[t]he right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures." U.S. Const. amend IV. This amendment is incorporated against the states through the Fourteenth Amendment. Though this protection is most commonly invoked in criminal investigations, it also applies in the civil context. *See Marshall v. Barlow's*, 436 U.S. 307, 312–13 (1978). However, "investigative home visits by social workers are not subject to the same scrutiny as searches in the criminal context."

4

*Wildauer v. Frederick County*, 993 F.2d 369, 372 (4th Cir. 1993). Fourth Amendment protections arise "wherever an individual may harbor a reasonable expectation of privacy." *Terry v. Ohio*, 392 U.S. 1, 9 (1968) (internal quotation marks omitted).

Here, plaintiff has not pled any facts showing that she was victim of an unreasonable search or seizure. Plaintiff claims defendant, CPS employee John Davis, came to the parking lot outside her residence with police officers and paperwork and removed her daughter, citing domestic violence as the reason. [DE 4]. Plaintiff acknowledges having seen Mr. Davis at a hearing concerning the domestic situation earlier that day and that she believes he called her later that day to ask about her whereabouts. [DE 62-4]. Plaintiff alleges no facts indicating she was placed under arrest or detained or that she had a reasonable expectation of privacy in a parking lot. [DE 4]. In short, plaintiff has alleged no facts demonstrating that she was either searched or seized, much less that any such search or seizure was unlawful.

Moreover, plaintiff has failed to state any way in which the other named defendants, Renee Hall, Georgia Morris, and Kari Sanders, were personally involved in the alleged violation of plaintiff's Fourth Amendment rights. As a § 1983 claim requires personal involvement by a defendant to stand, plaintiff's claims against these defendants also fail for want of a genuine issue of material fact. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("[A] plaintiff must plead that each Government-official defendant, *through the official's own individual actions*, has violated the Constitution.") (emphasis added)). Accordingly, plaintiff's Fourth Amendment claim cannot stand.

### ii. Eighth Amendment Claim

Plaintiff has also alleged that defendants violated her Eighth Amendment rights. [DE 4].

The Eighth Amendment guarantees that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. The Eighth Amendment is implicated in the criminal prosecution context. *See Graham v. Connor*, 490 U.S. 386, 398 (1989) ("[T]he less protective Eighth Amendment standard applies only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions.") (internal quotation marks omitted)).

Here, plaintiff has not pled any facts showing bail or fines of any amount were imposed, that there has been any punishment inflicted upon her, or that she is the subject of a criminal prosecution at all. As a result, plaintiff's Eighth Amendment claim also fails.

### iii. Fourteenth Amendment Claim

Plaintiff also claims defendants violated her rights under the Fourteenth Amendment. [DE 4]. Plaintiff does not plead any facts directly in relation to this claim but giving her *pro se* complaint the liberal reading it is due, the Court believes plaintiff is attempting a due process argument. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). The pertinent part of the Fourteenth Amendment reads, "no State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV.

"The touchstone of due process is protection of the individual against arbitrary action of government." *Wolff v. McDonnell*, 418 U.S. 539, 558 (U.S. 1974). There are two types of due process protection. First, substantive due process "protects against government power arbitrarily and oppressively exercised." *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998). To succeed in a claim that social workers violated plaintiff's substantive due process rights by removing a child from plaintiff's custody, the plaintiff must demonstrate behavior on the part of the social workers that would "shock the conscience." *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387,

6

391 (4th Cir. 1990) ("In this case, we do not believe that defendants' alleged conduct rises to the level of a substantive due process violation. It does not shock the conscience to hear that defendants removed a child in emergency action from the custody of a parent suspected of abusing him, based upon some evidence of child abuse."). Procedural due process claims must show that plaintiff (1) had a liberty or property interest, (2) of which defendants deprived her, (3) without due process. *See Kendall v. Balcerzak*, 650 F.3d 515, 528 (4th Cir. 2011). In this context, due process generally requires notice and an opportunity to be heard. *See id.* at 528–29.

Here, plaintiff has not alleged facts to support any of these requirements. [DE 4]. It is apparent that plaintiff was present when her child was removed, neither John Davis nor the police entered plaintiff's home, the removal was subject to a petition (though plaintiff claims she was not allowed to see the petition, she admits Mr. Davis had paperwork), local police were involved, and plaintiff was told the child was removed due to domestic violence (the very day plaintiff had appeared in a domestic violence hearing and received a call from someone she believe to be Mr. Davis asking about her whereabouts). [DE 4]. Moreover, plaintiff has had attorney representation and an opportunity to be heard at each step following her child's removal from her custody. [DE 62-4]. In short, plaintiff has not demonstrated deprivation of a liberty or property interest or lack of process she was due. Consequently, there is no genuine issue of material fact as to whether conscience-shockingly arbitrary government action or deprivation of a liberty interest without due process occurred, so this claim, too, must fail.

### iv. Claims Failing as a Matter of Law

First, claims against defendants John Davis, Kari Sanders, Renee Hall, and Georgia Morris in their official capacities must fail. Claims against these defendants in their official capacities would actually be claims against the government employing the defendants—New

7

Hanover County. *See Stevenson v. Martin County Bd. of Educ.*, 3 Fed. Appx. 25, 32–33 (4th Cir. 2001). Such 42 U.S.C. § 1983 claims against a government may only stand if they allege that the employees' constitutional violations resulted from a "municipal policy, practice, or custom . . . [or a] failure to train its employees leads to some unconstitutional conduct." *Id.*

The Court has already discussed each of plaintiff's alleged constitutional violations and found them wanting, which is sufficient to dismiss a 42 U.S.C. § 1983 claim. However, here, plaintiff's claims also fail because plaintiff has pled no facts alleging a policy, custom, or practice of unconstitutional behavior or a failure to train on the part of New Hanover County Child Protective Services. Accordingly, the claims fail.

Plaintiff's attempted 42 U.S.C. § 1983 claim against New Hanover County Child Protective Services also fails as a matter of law. North Carolina law requires that New Hanover County itself must be sued, rather than its constituent agencies. *Johnson v. Marrow*, 228 N.C. 58, 60 (1947) ("Where a county is the real party in interest, it must sue and be sued in its name.").

Even if the proper defendant were named, these claims, too, would fail since plaintiff has not alleged an "official municipal policy of some nature [that] caused a constitutional tort" and there is no *respondeat superior* liability for municipalities. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 398 (4th Cir. 1990) ("A municipality may not be sued under § 1983 on a *respondeat superior* theory."). Accordingly, claims against New Hanover County Child Protective Services also fail.

v. **Immunity**

If plaintiff intended to sue defendants in their individual capacities, these claims fail as well. A successful 42 U.S.C. § 1983 claim requires: "(1) the deprivation of a right secured by the Constitution or a federal statute; (2) by a person; (3) acting under color of state law." *Jenkins v.*

8

*Medford*, 119 F.3d 1156, 1159–60 (4th Cir. 1997). The type of government action at issue in this case—filing a removal petition and ensuing actions—entitles the social workers named as defendants to absolute prosecutorial immunity. *See, e.g., Vosburg v. Dep't of Soc. Servs.*, 884 F.2d 133, 135 (4th Cir. 1989) ("[I]n filing the Removal Petition the social workers were acting in a prosecutorial, rather than an investigative or 'policing' capacity. . . . [T]herefore, these state agents must be afforded absolute immunity from any liability resulting from this conduct.").

Moreover, even if defendants are not protected by absolute immunity, they are protected by qualified immunity. Qualified immunity protects public officials sued in their individual capacities if "a constitutional right would have been violated on the facts alleged" and the right was clearly established such that it would be clear to an objectively reasonable official that the conduct at issue violated the right. *See Bailey v. Kennedy*, 349 F.3d 731, 739 (4th Cir. 2003) (internal quotation marks omitted). As discussed above, plaintiff has failed to establish a constitutional violation, so any individual capacity suit must fail for this reason as well.

## CONCLUSION

For the reasons above, defendants' motion to dismiss [DE 59] is DENIED. Defendants' motion for summary judgment is hereby GRANTED. [DE 62]. The motions to seal are GRANTED. [DE 61, 64, 78]. The clerk is DIRECTED to enter judgment accordingly and to close the file.

SO ORDERED, this 13 day of January, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

9